[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue concerns an interpretation of (h)(2)(A)(ii) of the guidelines as a factor in determining child care contribution. In deciding the contribution amount, child care costs are considered as qualifying costs which can be imposed on the non-custodial parent if they "(ii) are necessary to allow a parent to maintain employment." The question presented here is whether child care costs qualify only if the child care takes place while the custodial parent is actually working.
It seems to the court that the purpose of providing for child care contribution was to enable the custodial parent to pursue work and career opportunities. This would benefit that parent because of the value and importance attached to working outside the home by our society and, therefore, the rule makers who make up child care guidelines. It has the added benefit of advancing the interest of the child since enabling the custodial parent to work makes more income available for the family unit's needs which include the child. It can also benefit the non-custodial parent because not only may it benefit his or her child but also might reduce the financial pressure on such a parent because of the custodial parent's employment.
With these purposes in mind, it seems to the court that the guidelines must be interpreted in such a way so as to foster these just mentioned purposes.
Where very young children are involved it seems to the court that it is indeed "necessary" for the custodial parent to incur child care costs for periods when the parent is not working if that parent has a night or swing shift job. The parent has to sleep and is entitled to a normal sleeping schedule based on eight hours. Even when the non-custodial parent has been cooperative in trying to assist the custodial parent for part of the hours involved, how can the custodial parent, in many instances, maintain the job unless child care is provided for in this situation for a full eight hour period?
In this case, the father has obvious concern and love for his child and has been very accommodating, but his accommodation to the mother's needs would only leave her with four or five hours sleep time in the absence of child care.
The court believes the guidelines should not be interpreted to only provide for child care contribution for hours that the custodial parent is actually working. They should be flexibly interpreted in a practical and humanistic sense which as the regulations provide, would recognize that for the custodial parent to work, in some situations, it may be "necessary" that child care costs be incurred for periods of time outside CT Page 9796 the actual work hours of the custodial parent.
The guidelines should not be interpreted then, to bar the mother's claim for contribution under the guidelines.
Corradino, J.